```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KALYN JONES,

                 Petitioner,
                                        MEMORANDUM AND ORDER
          -against-                     10-CR-0093(JS)

UNITED STATES OF AMERICA,

                 Respondent.
----------------------------------X
APPEARANCES
For Petitioner:      Peter Kirchheimer, Esq.
                     Federal Defenders of New York
                     1 Pierrepont Plaza, Sixteenth Floor
                     Brooklyn, New York 11201

For Respondent:      Anthony Bagnuola, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York 11722
```

SEYBERT, District Judge:

Under Administrative Order 2016-05, petitioners were granted permission to file "form" or "placeholder" petitions "[i]n light of the United States Supreme Court decision in Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and the fact that several hundred petitions [we]re expected to be filed by federal prisoners seeking relief under 28 U.S.C. § 2255 before the statute of limitations expires on June 27, 2016." (Admin. Order 2016-5, ECF No. 41-1.)  On June 22, 2016, petitioner Kalyn Jones ("Petitioner"), through counsel, filed such a

placeholder petition seeking to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") and Administrative Order 2016-05 (hereafter, the "Motion"). (See Mot., ECF No. 41.) On August 22, 2019, the Government opposed the Motion, arguing that, pursuant to the Second Circuit's decision in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), Petitioner's claim has no merit. (Gov't Resp., ECF No. 44.) For the reasons that follow, Petitioner's Motion is DENIED.

BACKGROUND

I. The Indictment and Guilty Plea

Familiarity with the facts underlying this case are presumed, but by way of review, the Court provides the following summary. On February 11, 2010, Petitioner was charged with six counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a). (See Indictment, ECF No. 9.) Specifically, Petitioner was charged with: one count for the robbery of the Uniondale Liquors store; one count for the robbery of a Sunoco gas station; one count for the robbery of a Golden Krust restaurant; one count for the robbery of a 7-Eleven store; one count for the robbery of a Dunkin Donuts store; and one count for the robbery of a Fast Break convenience store. (See id., Counts One, Three, Five, Seven, Nine, and Eleven, respectively.) Petitioner was also indicted on six counts of Possession of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

and 3551, et seq., corresponding to each of the robberies. (See id., Counts Two, Four, Six, Eight, Ten, and Twelve.)

On May 6, 2011, Petitioner pled guilty to Count Nine, Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(a) and 3551, et seq., and Count Twelve, Use of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (ii) and 3551, et seq. (See Min. Entry, ECF No. 32.) On June 21, 2011, the Court sentenced Petitioner to a term of approximately 114 months' imprisonment, with 30 months' incarceration attributable to Count Nine and 84 months' incarceration attributable to Count Twelve, followed by five years' supervised release. (See Min. Entry, ECF No. 38; Sent'g J., ECF No. 39.)

II. Post-Conviction Proceedings

On June 22, 2016 and pursuant to Section 2255, Petitioner moved to vacate his conviction arguing that his conviction for Count Twelve is invalid under Johnson because Hobbs Act robbery no longer qualifies as a Section 924(c) crime of violence under that statute's Residual Clause, i.e., § 924(c)(3)(B), or its Force Clause,[1] i.e., § 924(c)(3)(A). (Mot. at ECF p. 4 ("[U]nder United States v. Johnson, 135 S. Ct. 2551 (2015), the Hobbs Act Robbery, 18 U.S.C. 1951, no longer qualifies as a 'crime of violence,' an essential element of the charged 924(c) crime.").) On August 22,

---

[1] The Court notes that some courts refer to the Force Clause as the Elements Clause.

3

2019, the Government filed its Response opposing the Motion, arguing that in United States v. Hill, 890 F.3d 51 (2d Cir 2018), the Second Circuit held that Hobbs Act robbery is categorically a crime of violence, and, as such, Petitioner's Motion is without merit. (Response at 2-3.) Petitioner has not replied.[2]

## DISCUSSION

Section 2255 of Title 28 of the United States Code provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To obtain relief under § 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing

---

[2] On August 21, 2019, the Court issued an electronic Order providing: Petitioner thirty days to file a supplement to his initial petition, i.e., the Motion; the Government twenty days thereafter to respond; and, Petitioner twenty days to file a reply to the Government's response. (See Aug. 21, 2019 Electronic Order (modifying Aug. 15, 2019 Order to Show Cause (ECF No. 42)).) On August 22, 2019, the Government filed its response. (See Response, ECF No. 44.) On September 3, 2019, the Court issued a sua sponte order extending Petitioner's deadline to file his reply until September 23, 2019. (See Sept. 3, 2019 Electronic Order.) Despite having been afforded the opportunity to do so, to date, Petitioner has neither supplemented his Motion nor replied to the Government's response. (See Case Docket, in toto.) Accordingly, the Court deems the Motion fully briefed.

court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted). A petitioner must also show that the error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citations omitted); Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying Brecht to a § 2255 motion). Further, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 153 (1982). A Court must exercise its discretion sparingly because § 2255 applications "are in tension with society's strong interest in the finality of criminal convictions." Elize v. United States, No. 02-CV-1530, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotation marks and citation omitted); see also Brecht, 507 U.S. at 633–34, 113 S. Ct. at 1719. Here, Petitioner is unable to meet his high burden.

Petitioner's reliance on Johnson is misplaced. There is no dispute that the Supreme Court held that the Residual Clause portion of the definition for a "violent felony" found in the Armed Career Criminal Act was unconstitutionally vague. See Johnson, 135 S. Ct. at 2555-57. Likewise, there is little doubt that Johnson and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), were the

5

precedential precursors to the Supreme Court striking down Section 924(c)'s Residual Clause as unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319 (2019). However, a conviction under Section 924(c) remains valid if the predicate offense is a "crime of violence" under the Force Clause, i.e., § 924(c)(3)(A). See, e.g., Figueroa v. United States, No. 16-CV-4469, 2020 WL 2192536, at *2 (S.D.N.Y. May 6, 2020); Vilar v. United States, No. 16-CV-5283, 2020 WL 85505, at *1 (S.D.N.Y. Jan. 3, 2020). Indeed, in Hill, the Second Circuit "agree[d] with all of the circuits to have address the issue . . . and [held] that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 890 F.3d 51, 60 (2d Cir. 2018)(quoting 18 U.S.C. § 924(c)(3)(A)). Although Hill predates Davis, the Second Circuit has reaffirmed Hill's holding post-Davis. See, e.g., United State v. Walker, 789 F. App'x 241, 245 (2d Cir. 2019) (holding that "[o]ur prior holding in [Hill], that substantive Hobbs Act robbery is a crime of violence under the [Force C]lause of § 924(c)(3)(A), is unaffected by Davis, Stokeling, and Barrett and remains binding on us in this case") (internal citations omitted); see also United States v. Biba, 788 F. App'x 70, 72 (2d Cir. 2019) (citing Hill and stating that "we have held that substantive Hobbs Act robbery qualifies as a 'crime of violence' under the [Force C]lause"). Thus, since, under Second Circuit precedent, Hobbs Act robbery

6

remains a crime of violence under the Force Clause and may properly serve as a predicate offense for a Section 924(c) conviction, Petitioner's Motion is without merit.  Therefore, upon the record presented, Petitioner has failed to meet his demanding burden under Section 2255, thereby compelling the denial of his Motion.[3]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion (see ECF No. 41) is DENIED.  The Clerk of the Court is directed to mark CLOSED the corresponding civil case, Case No. 16-CV-3387.

The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing that he was denied a constitutional right.  See 28 U.S.C. § 2253(c)(2).

SO ORDERED.

__/s/ JOANNA SEYBERT___
Joanna Seybert, U.S.D.J.

Dated:  December 29, 2020
        Central Islip, New York

---

[3] The Court also notes that there is no issue of procedural default where the Court sentenced Petitioner prior to Johnson and Davis. See, e.g., Aquino v. United States, No. 13-CR-0536, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020) ("The Court finds that there was no procedural default in failing to raise a Johnson-type argument before Johnson was decided.").

7